IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HUGHEY BUCHANAN, #2102734 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv505 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Hughey Buchanan, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus challenging a prison disciplinary case pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #12) concluding that the petition should be denied. Mr. Buchanan has filed objections. (Dkt. #14). Having conducted a *de novo* review of the petition, the Report and Recommendation, and Mr. Buchanan's objections, the court finds that the cause of action should be dismissed.

Mr. Buchanan is challenging a prison disciplinary case for assaulting an officer in Case Number 20170144374. His punishment included the loss of recreation and commissary privileges for 45 days, a reduction in classification from L1 to L2, a G4 custody level, and the loss of 90 days of good time. Mr. Buchanan argues that he is entitled to federal habeas corpus relief because he was denied the right to appeal, officials failed to give him 24 hours notice, material facts were not disclosed to him, and his competency was not investigated. Judge Mitchell concluded that he is not entitled to relief because a protected liberty interest was not involved in this case.

1

Mr. Buchanan may not obtain federal habeas relief with respect to a prison disciplinary case unless he has been deprived of a right secured by the United States Constitution or the laws of the United States. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). As a threshold matter, he must show that the punishment he received encroached upon a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995). An inmate is not entitled to the procedural protections afforded by the Constitution unless he shows he was denied a protected liberty interest. *Id.* at 487. The Court held that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state may conceivably create a liberty interest." *Id.* at 486. Following *Sandin*, the Fifth Circuit has regularly considered whether the circumstances surrounding an inmate's disciplinary case involve a protected liberty interest. A protected liberty interest is at stake only if a prisoner loses good time and is eligible for release on mandatory supervision. *See, e.g.*, *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58; *Dorsey v. McFarlin*, 609 F. App'x 266, 267 (5th Cir. 2015); *Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013) (Because the inmate "was ineligible for release on mandatory supervision, the district court did not err in finding that [he] failed to state a due process claim with respect to the loss of his good-time credits.").

In the present case, Mr. Buchanan is not eligible for release on mandatory supervision because the judgment in his criminal case includes a deadly weapon finding. TEX. GOVT. CODE § 508.149(a)(1) (Vernon Supp. 2014). He is in custody pursuant to a 2016 Smith County conviction for aggravated assault with a deadly weapon. Under these circumstances, the disciplinary case does not involve a protected liberty interest, and Mr. Buchanan is not entitled to

the procedural protections afforded by the Constitution. In his objections, Mr. Buchanan complains that he was denied due process, but he is not entitled to have his due process claims considered by the court due to the absence of a protected liberty interest. He also complains that his rights under the Americans with Disabilities Act ("ADA") were violated. Mr. Buchanan may file a separate civil lawsuit under the ADA, but he simply may not obtain federal habeas corpus relief with respect to the disciplinary case due to the absence of a protected liberty interest.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Buchanan to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Buchanan's objections are without merit. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Dec 19, 2017**

_____
Ron Clark, United States District Judge